IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICE HULON and CARL LEE HULON JR.,

                Plaintiff,

v.                                                                  OPINION and ORDER

FITZGERALD LAW FIRM, ATTORNEY LANE            24-cv-810-jdp
FITZGERALD, and ATTORNEY PETE ANDERSON,

                Defendants.

---

      The clerk of court has docketed a complaint signed by Patrice Hulon and Carl Lee Hulon Jr., her disabled son. Dkt. 1 at 23–25. The Hulons allege that defendants breached a legal services agreement and provided inadequate representation in connection with state and federal litigation. The Hulons bring several constitutional claims under 42 U.S.C. § 1983, and claims under 42 U.S.C. § 1981, 42 U.S.C. § 1985(3), the Americans with Disabilities Act (ADA), and the Title VI of the Civil Rights Act of 1964 (Title VI). I also take the Hulons to bring a claim under Title II of the Civil Rights Act of 1964 (Title II). The Hulons bring these claims to vindicate Hulon Jr.'s rights, but I will assume for screening that Patrice Hulon is attempting to vindicate her own rights too.

      Because the Hulons proceed without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the Hulons' allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to

amend because: (1) Patrice Hulon is a nonlawyer and cannot represent her son in this case; and (2) the complaint doesn't state a plausible claim for relief against any defendant.

I begin with the issue of representation. Even though Hulon Jr. signed the complaint, it's clear that Patrice Hulon seeks to litigate this case on his behalf. *See* Dkt. 1 at 3 (Patrice Hulon's alleging that she is Hulon Jr.'s court-ordered legal guardian); *see also Hulon v. Wis. Dep't of Just.*, No. 22-cv-733-jdp, 2023 WL 2163081, at *1 (W.D. Wis. Feb. 22, 2023) (dismissing a prior complaint that Patrice Hulon filed on behalf of Hulon Jr. because a nonlawyer can't handle a case on behalf of anyone but herself and a parent can't litigate her child's claims unless she obtains counsel). As I explained to Patrice Hulon in that case, I understand her desire to litigate this case on behalf of her son, but the law doesn't allow her to do so.

I turn to the complaint's substantive problems. I will not allow the Hulons to proceed on the constitutional claims under § 1983 because they sue two private attorneys and their law firm, and no defendant is a state actor for § 1983 purposes. *See Raines v. Indianapolis Pub. Sch.*, 52 F. App'x 828, 830 (7th Cir. 2002); *Smith v. LaFollette*, 23 F.3d 410, *9 (7th Cir. 1994); *cf. Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender doesn't act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

The Hulons' claims under § 1981, § 1985(3), Title II, and Title VI have a common problem. In the context of the complaint, to state a claim under any of these provisions the Hulons would at least have to allege facts plausibly suggesting that a defendant mistreated the Hulons based on race. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("[Section] 1981 can be violated only by intentional discrimination . . . ."); *Munson v. Friske*, 754 F.2d 683, 695 (7th Cir. 1985) ("[A] plaintiff must prove some racial, or perhaps

2

otherwise class-based, invidiously discriminatory animus in order to state a cause of action under section 1985(3)."); *Junhao Su v. E. Ill. Univ.*, 565 F. App'x 520, 521 (7th Cir. 2014) (stating that Title VI provides a remedy for a plaintiff who is intentionally discriminated against on account of race, color, or national origin by a federal-funds recipient); *Flores v. Progressive Ins.*, No. 23-cv-398-jdp, 2024 WL 1701705, at *3 (W.D. Wis. Apr. 19, 2024) ("Title II prohibits discrimination in places of public accommodation on the basis of race and other characteristics."). There are no discernible allegations purporting to support a claim based on racial discrimination against Patrice Hulon.

In their claims for relief, the Hulons cite Title VII of the Civil Rights Act of 1964, which might suggest that defendants discriminated against Hulon, Jr. based on his race. *See* Dkt. 1 ¶¶ 138, 141, 145. A bare-bones allegation of discrimination might be sufficient in some contexts. *See, e.g., Thomas v. JBS Green Bay, Inc.,* 120 F.4th 1335, 1337–38 (7th Cir. 2024) ("I was turned down for a job because of my race" is a sufficient allegation for discrimination in employment). But it's not enough here. The Hulons don't expressly allege racial discrimination—they do so only implicitly by citing Title VII. And they don't allege that defendants refused to represent Hulon, Jr. Rather, they allege that they failed to honestly and competently do so. The problem alleged in the complaint is not discrimination, it's a lack of legal skill and honesty. Dkt. 1 ¶¶ 130–31.That allegation is inconsistent with an allegation of racial discrimination.

The Hulons bring a disability discrimination claim under Title II of the ADA, and I take them to bring a reasonable accommodation claim under Title III of the ADA. It's clear that these claims are brought on behalf of Hulon Jr. I will not allow the Hulons to proceed on either of these claims.

Title II of the ADA prohibits a "'public entity' from discriminating against disabled persons in the provision of services." *Ruffin v. Rockford Mem't Hosp.*, 181 F. App'x 582, 583 (7th Cir. 2006). Neither the individual attorney defendants nor the law firm defendant is a public entity under the ADA. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012); *Phan v. Colorado Legal Servs.*, 769 F. App'x 520, 527 (10th Cir. 2019). The Hulons haven't stated a plausible claim under Title II of the ADA.

Title III of the ADA prohibits disability discrimination in "any place of public accommodation," *Ruffin*, 181 F. App'x at 583, and it includes "a duty to provide reasonable accommodations to disabled individuals," *A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 592 (7th Cir. 2018). A lawyer's office is generally a place of public accommodation, "and thus Title III [of the ADA] would forbid a legal office from excluding disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *See Shott v. Vedder Price, P.C.*, 527 F. App'x 562, 563 (7th Cir. 2013). But the Hulons don't allege that Hulon Jr. "was refused equal access to [defendant law firm] and could not take advantage of services available to persons who are not disabled." *See id*. Rather, the complaint's basic idea is that defendants breached the terms of a legal services agreement and provided inadequate representation in connection with state and federal litigation. The Hulons haven't stated a plausible claim under Title III of the ADA.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing the plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because it's clear that: (1) Patrice Hulon is representing her son; and (2) the

complaint fails to state a plausible federal claim. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1. Plaintiffs' complaint, Dkt. 1, is DISMISSED without leave to amend.

2. The clerk of court is directed to enter judgment and close the case.

Entered December 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge