IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL L. HULON JR. and PATRICE HULON,

        Plaintiffs,

v.

FITZGERALD LAW FIRM, ATTORNEY LANE
FITZGERALD, and ATTORNEY PETE ANDERSON,

        Defendants.

ORDER

24-cv-810-jdp

---

Plaintiffs Carl L. Hulon Jr. and Patrice Hulon, proceeding without counsel, allege that defendants provided poor legal representation to Carl Hulon, Jr. I dismissed the complaint without leave to amend for two reasons. First, Patrice Hulon is a nonlawyer and cannot represent her son, Carl Lee Hulon Jr., in this case. Second, the complaint didn't state a plausible racial or disability discrimination claim against any defendant. Dkt. 4. The Hulons now move for reconsideration of my order dismissing their complaint without leave to amend. Dkt. 6.

I evaluate the motion for reconsideration under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of my final judgment. *See* Fed. R. Civ. P. 59(e). To prevail on a motion for reconsideration under Rule 59(e), the Hulons "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Motions for reconsideration are "not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Anderson v. Cath. Bishop of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014).

The Hulons contend that my determination that Patrice Hulon was litigating this case on behalf of her son was erroneous. This contention is unpersuasive considering that Patrice Hulon: (1) previously attempted to litigate a case on her son's behalf in this court based on the allegation that she was his court-ordered legal guardian; and (2) signed the complaint in this case. Dkt. 1 at 25–26. Even if Patrice Hulon told the clerk of court that she was not going to litigate this case on behalf of her son when it was filed, Dkt. 6 at 1-2, her submission of a signature page to the court demonstrates her intention to litigate on behalf of her son. The motion for reconsideration itself shows that Patrice Hulon is litigating this case on her son's behalf. *Id.* at 4 ("This entire claim was commenced on the basis that *he* was being treated in the manner due to his race as a Black American[] with Disabilities, as most Blacks have all *my* life." (emphases added)).

The Hulons also contend that my determination that the complaint failed to state a plausible racial or disability discrimination claim was erroneous. The motion for reconsideration supports my determination that the Hulons faulted defendants only because they didn't provide honest and skilled legal representation. *See id.* ("This kind of malpractice happens when the lawyer violates his or her responsibilities to you by settling the case without your approval, not preparing the case for trial, lying to you, abandoning your case, misusing funds you provided for adequate legal costs, or misusing funds owed to you."). In the motion for reconsideration, the Hulons say that defendants conspired with state officials to undertake the above actions because Carl Lee Hulon Jr. is black and disabled. *Id.* at 4–5. Even if this conclusory allegation were enough to state a plausible racial or disability discrimination claim, it wasn't included in the complaint. *See Anderson*, 759 F.3d at 653. The Hulons haven't shown in factual or legal error in my order.

ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration, Dkt. 6, is DENIED.

Entered January 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge